IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STATE FARM FIRE & CASUALTY CO., | : | No. 3:14cv769 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| SHAWN EZRAPOUR, as Executor of the Estate of Rodney Ezrapour, Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

# MEMORANDUM

Before the court is Plaintiff State Farm Fire and Casualty Company's (hereinafter "plaintiff" or "State Farm") declaratory judgment complaint. State Farm seeks a declaration that a homeowners insurance policy that it issued to Decedent Rodney Ezrapour does not provide any liability coverage in relation to a wrongful death lawsuit that has been filed in the Court of Common Pleas of Pike County, Pennsylvania. After a review of this matter, we will decline to exercise jurisdiction and dismiss the case *sua sponte*.

**Background**

This case arises out of a dispute over whether plaintiff is obliged to provide coverage pursuant to a homeowners insurance policy that it issued to Decedent Rodney Ezrapour. On August 20, 2012, Decedent Ezrapour armed himself with a shotgun and concealed himself inside the

home of Kristina Adams.  (Doc. 1, Compl. (hereinafter "Compl." ¶ 29). When Kristina Adams arrived at her house, Decedent Ezrapour shot and killed Adams.  (Id. ¶¶ 30, 33-36).  Decedent Ezrapour then committed suicide with his gun.  (Id. ¶ 32).

The Estate of Kristina Adams filed a lawsuit in the Pike County Court of Common Pleas against the Estate of Rodney Ezrapour seeking damages in connection with Adams' death.  (Id. ¶ 27).  The Ezrapour Estate asserts that coverage is available from an insurance policy issued to Rodney Ezrapour.  (Id. ¶ 17).  State Farm disputes coverage under the policy it issued to Rodney Ezrapour asserting that it has no obligation to defend the Ezrapour Estate in the Pike County action based upon certain exclusions in, and provisions of, the homeowners policy.  (Id. ¶ 19). Because State Farm has no duty to defend the Ezrapour Estate, State Farm also avers that it has no duty to indemnify the Ezrapour Estate for any injury or claim involved in the Pike County Court of Common Pleas action.  (Id. ¶ 20).

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332.  Plaintiff State Farm is a wholly-owned subsidiary of State Farm

2

Automobile Insurance Company which is incorporated under the laws of the State of Illinois with its principal place of business in Illinois. (Compl. ¶ 4). Defendant Shawn Ezrapour is a citizen of New York and is the duly appointed executor of the Estate of Rodney Ezrapour. (Id. ¶ 5) Additionally, the amount in controversy exceeds $75,000. (Id. ¶ 2). Because complete diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000, the court has jurisdiction over the case. See 28 U.S.C. § 1332 ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]").

**Discussion**

Generally, in diversity cases, we apply the law of Pennsylvania. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir.2000) ( citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)). However, "federal courts are to apply state substantive law and federal procedural law." Hanna v. Plumer, 380 U.S. 460, 465 (1965). The instant case is before the court in the form of a declaratory judgment action, and federal courts have concluded that declaratory judgment actions are procedural rather than

substantive.  See Fischer & Porter Co. v. Moorco Int'l Inc., 869 F. Supp. 323, 326 (E.D. Pa. 1994) (holding that "[c]ase law indicates that the [Declaratory Judgment] Act is procedural in nature, and therefore federal law, not state law, governs whether claims may be heard under it."); Farmers Alliance Mut. Ins. Co. v. Jones, 570 F.2d 1384, 1386 (10th Cir. 1978)(holding that "the [Declaratory Judgment] Act involves procedural remedies and not substantive rights ... The Act does not create substantive rights for parties; it merely provides another procedure whereby parties may obtain judicial relief.").  As a result, the court here would apply substantive Pennsylvania law in interpreting the insurance contract, but the procedural strictures of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.  See Fischer & Porter, 869 F.Supp. at 326.

Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, **may** declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201(a) (emphasis added).  The United States Supreme Court has explained that "[d]istrict courts possess discretion in determining

whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995). The Supreme Court has emphasized that district courts are under no compulsion to exercise this discretionary jurisdiction. Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494-95 (1942).

A court's decision to exercise its discretion to hear an action under the Declaratory Judgment Act "requires some inquiry into the scope of the state court proceeding, the nature of defenses available there, and whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding." State Auto Ins. Co. v. Summy, 234 F.3d 131, 133 (3d Cir. 2001). Further, "[a] federal court should also decline to exercise its discretionary jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation." Id. at 135. These considerations are especially important because "district courts should give serious consideration to the fact that they do not establish state law, but are limited to predicting it." Id. A court may *sua sponte* exercise its discretion not to hear a declaratory judgment action. See id. at 136.

The trend of Federal District Courts sitting in Pennsylvania is "to decline to exercise jurisdiction over declaratory judgment actions involving an insurance company that are solely brought on diversity and have no federal question or interest." Reifer v. Westport Ins. Corp., 943 F. Supp. 2d 506, 508 (M.D. Pa. 2013); see also Allstate Ins. Co. v. Seelye, 198 F. Supp. 2d 629, 631-32 (W.D. Pa. 2002)(stating that when the sole issue of insurance coverage presents no federal question, nor promotes any federal interest, district courts are reluctant to exercise jurisdiction over declaratory judgment actions).

Therefore, the question here is whether we should exercise our discretion to decline to hear this declaratory judgment action when the issues do not present a federal question or promote any federal interest. State Farm seeks a declaration, pursuant to state law, that it has no obligation to defend the Ezrapour Estate in the underlying Pike County action based upon certain exclusions in, and provisions of, the homeowners policy.  Further, State Farm seeks a determination that, because it has not duty to defend the Ezrapour Estate, it has no duty to indemnify the Ezrapour Estate for any injury or claim involved in the underlying action. (Id. ¶ 20).

Any judgment the court issues in this case would depend largely on applying well-settled principles of Pennsylvania law to the factual occurrences that gave rise to the state-court suit.  State Farm does not ask us to resolve questions of federal statutory or constitutional law which we might be peculiarly qualified to answer.

A state court can as easily answer these questions as we can, and there is no need to resort to a federal forum to do so.  See Summy, 234 F.3d at 136 (finding that "the desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum").  As the Third Circuit Court of Appeals has explained:

> [t]he state's interest in resolving its own law must not be given short shrift simply because one party or, indeed, both parties, perceive some advantage in the federal forum. When state law is firmly established, there would seem to be even less reason for the parties to resort to the federal courts.  Unusual circumstances may occasionally justify such action, but declaratory judgments in such cases should be rare.

Id. Adding our opinion to those of the state court in this case would make the matter unnecessarily more complex.  Further, the complaint indicates that litigation is pending on the underlying matter.  Having this court settle a matter of contract interpretation would require an inquiry into the facts of

that case, and would represent an inefficient allocation of judicial resources.

**Conclusion**

Accordingly, our interest in comity and respect for judgments of state courts compels us to exercise our discretion to decline jurisdiction over this case.  Moreover, the matter before this court is one of contract interpretation under state, rather than federal, law.  No unique questions of federal law exist, and this court's expertise is not necessary for a just outcome in the case.  The parties' claims can be better addressed in state court.  The court will therefore *sua sponte* dismiss this action without prejudice to the plaintiff seeking relief in state court.  An appropriate order follows.

**Date:  4/25/14**                                    **s/ James M. Munley**
                                                                    **JUDGE JAMES M. MUNLEY**
                                                                    **United States District Court**